UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM ESCALERA JR.,

        Plaintiff,

-against-

SAMARITAN VILLAGE MEN'S SHELTER;
DEPT OF HOMELESS SERVICES;
COUNSELOR NELSON BROWN; P.O. CLIFF
MUELLER; P.O. BRIAN DEVITA; P.O.
YONG LI,

        Defendants.

17-CV-4691 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated September 27, 2019, the Court directed Plaintiff to file an amended complaint to address his deficiencies in his original pleading. Plaintiff filed an amended complaint, and the Court has reviewed it. For the following reasons, the amended complaint is dismissed with leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The original complaint names as Defendants Samaritan Village Men's Shelter, shelter counselor Nelson Brown, the New York City Department of Homeless Services, and Police Officers Cliff Mueller, Brian Devita, and Yong Li. Plaintiff makes the following allegations regarding events that occurred in December 2015. Plaintiff attempted to enter the shelter before the 10:00 p.m. curfew, but Brown falsely accused Plaintiff of being intoxicated and would not let him in. Plaintiff speculates that he may have appeared "drowsy" because he takes medication for myriad health conditions. Brown assaulted Plaintiff, and Plaintiff was taken to the hospital for

medical attention. The original complaint does not contain allegations against the police officers, DHS, or the shelter.

In a September 27, 2019 order granting Plaintiff leave to amend his complaint, the Court held that: (1) the complaint did not suggest that the shelter or Brown were state actors; (2) DHS was not a suable entity; (3) Plaintiff had not alleged any facts supporting a municipal liability claim against New York City; and (4) there were no facts showing that the police officers were personally involved in violating Plaintiff's constitutional rights. The Court deferred making a decision on whether to exercise its supplemental jurisdiction, under 28 U.S.C. § 1367, regarding any state law claims Plaintiff could assert.

Plaintiff's amended complaint names the same defendants, and adds the following new information about what occurred. After Brown assaulted Plaintiff, Brown called the police, and falsely claimed that Plaintiff had cut him with a razor blade. The police officers arrested Plaintiff and took him to the hospital, where he received three stitches to his lower lip and was treated for cuts to his arms and hands. The hospital staff "declared there was no substance or alcohol abuse in [Plaintiff's] system." Brown, who had no visible injuries, repeated his false claims to the grand jury. Plaintiff was convicted and sentenced to 1½ to 3 years in prison. Plaintiff alleges that Defendants falsely arrested him, and he seeks money damages.

## DISCUSSION

### A. Claims Against the Shelter and DHS

The allegations in Plaintiff's amended complaint against the shelter and DHS have not changed from those raised in his original complaint. His claims against those defendants are dismissed for the reasons set forth in the September 27, 2019 order to amend. In brief summary, Plaintiff's § 1983 claims against the shelter are dismissed because he fails to allege that the shelter is a state actor. *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)

(internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action."). As to DHS, because it is a city agency, it is not a suable entity, N.Y. City Charter ch. 17, § 396. To the extent Plaintiff seeks to sue the City of New York, the complaint contains no facts supporting a municipal liability claim. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978).

Accordingly, Plaintiff's claims against the shelter and DHS are dismissed for failure to state a claim.

**B.     False Arrest Claim**

Plaintiff alleges that he was falsely arrested. A false arrest claim under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

4

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have probable cause to arrest if they have acted reasonably, even if they were mistaken.

In this case, the police were called to the shelter, and arrested Plaintiff in response to information Brown provided to them. These facts do not suggest that the police lacked probable cause to arrest him, or that their actions were not reasonable.

Plaintiff alleges that Brown lied to the police when he said that Plaintiff had cut him with a razor blade. Plaintiff thus seeks to hold Brown liable for his arrest.[1] But a complainant cannot

---

[1] The Court must dismiss all of Plaintiff's claims for damages arising from Brown's grand jury testimony. Grand jury witnesses are absolutely immune from § 1983 liability for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricating evidence are precluded by witness immunity). *But see Fappiano v. City of New York,* No. 01-CV-2476, 2015 WL 94190, at *20 (E.D.N.Y. Jan. 7, 2015) ("a defendant cannot use *Briscoe*'s rule of absolute immunity as a shield to protect a whole course of conduct merely because, at some point, the defendant was

be held liable on a claim for false arrest merely for seeking police assistance or providing information to the police, who are then free to exercise their own judgment whether an arrest is warranted. *See Kraft v. City of New York*, 696 F. Supp. 2d 403, 42122 (S.D.N.Y. 2010); *Holley v. Cty. of Orange, New York*, 625 F. Supp. 2d 131, 142-43 (S.D.N.Y. 2009). "To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police." *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) ("The mere reporting of a crime to police and giving testimony are insufficient [to initiate prosecution]; it must be shown that [the] defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.") (citations omitted).

Here, Plaintiff does not allege facts indicating that the police failed to conduct an independent evaluation of the circumstances leading to his arrest, or that Brown did more than provide information to the police. Accordingly, the amended complaint fails to state a false arrest claim against the police officers or Brown.

## C. Claim Inconsistent With Conviction

In any event, Plaintiff admits that he was convicted, and he does not allege that the conviction was reversed, expunged, or otherwise declared invalid. Plaintiff's § 1983 false arrest claim is therefore barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

---

linked to testimony given in a judicial proceeding.") (citation omitted), *aff'd,* 640 F. App'x 115 (2d Cir. 2016).

that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's § 1983 false arrest claim would necessarily imply the invalidity of his conviction, and because Plaintiff has not alleged that his conviction was overturned or otherwise invalidated, *Heck*'s favorable termination rule bars Plaintiff's claim for money damages. *See Perez v. Cuomo*, No. 09-CV-1109, 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983.").

The Court must therefore dismiss Plaintiff's § 1983 claims of false arrest against all Defendants.[2] *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

---

[2] "Disposition of the case on *Heck* grounds warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of *habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).

**D.     Leave To Amend/Exercise Of Supplemental Jurisdiction**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Because Plaintiff has failed to state a federal claim, the Court declines to exercise its supplemental jurisdiction over state-law claims suggested by the alleged facts. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 6, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge